# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARK R. PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:10CV2436SNLJ** |
| | ) | |
| **JEROME STUBBLEFIELD, ET. AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

*Pro se* prisoner plaintiff has filed this §1983 action alleging that while incarcerated at the
St. Louis Medium Security Institution, he was assaulted by two correctional officers (defendants
Martin and Darden). This matter is before the Court on defendant Stubblefield's motion to
dismiss [21], filed May 3, 2011. Responsive pleadings have been filed by both the plaintiff and
defendant Stubblefield.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a
complaint so as to eliminate those actions "which are fatally flawed in their legal premises and
designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."
Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams,
490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon
which relief can be granted if it does not plead "enough facts to state a claim to relief that is
plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(abrogating
the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim
to relief that is plausible on its face." Id., 127 U.S. at 1974. A complaint must set forth factual

allegations which are enough to "raise a right to relief above the speculative level." Id., 127 U.S. at 1974.

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) citing Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n.8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's

factual allegations."). With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

Plaintiff fails to make any allegations that defendant Stubblefield was personally involved in the alleged assault. He fails to allege that defendant Stubblefield was aware of any problems that plaintiff had with the two correctional officers alleged to have assaulted him or that defendant Stubblefield was aware of any past complaints of assault by the two named correctional officers. Plaintiff consistently asserts that defendant Stubblefield should be held accountable because he is the Warden and that by virtue of his authority he is "acting in concert" with defendants Martin and Darden. He further attests that defendant Stubblefield should be held accountable because plaintiff speculates that no disciplinary action was taken against defendants Martin and Darden for the alleged assault.

Plaintiff is clearly attempting to hold defendant Stubblefield liable under *respondeat superior*; a fact conceded by the plaintiff. It is well-settled that *respondeat superior* cannot be the basis for liability under §1983. The doctrine of respondeat superior is inapplicable in §1983 actions. Givens v. Jones, 900 F.2d. 1229, 1233 (8th Cir. 1990); Wilson v. City of Little Rock, 801 F.2d. 316, 322 (8th Cir. 1986); Martin v. Sargent, 780 F.2d. 1334. 1338 (8th Cir. 1985). A Section 1983 action against police supervisory officers cannot be based upon the theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, "[A] section 1983 action will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action." Harris v. Pirch, 677 F.2d. 681m 685 (8th Cir. 1982) *citing* Rizzo v. Goode, 423 U.S. 362 (1975); Kostka v. Hogg, 560 F.2d. 37 (1st Cir. 1977); *see also*, Wilson v. City of North Little Rock, 801 F.2d. 316, 322 (8th Cir. 1986). "Liability may only be found if there is personal involvement of

the officer being sued." <u>Wilson v. City of Little Rock</u>, at 322 *quoting* <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d. 120, 123 (5th Cir. 1980).  "What is required is a causal connection between the misconduct complained of and the official sued." <u>Harris v. Pirch</u>, at 685.  To meet this burden the plaintiff must establish an "affirmative link" between the defendant's action and the alleged deprivation of constitutional rights.  *See*, <u>Rizzo</u>, 423 U.S. at 377.  Plaintiff has failed to meet this burden, thus he fails to state a viable §1983 claim against defendant Stubblefield. Plaintiff has failed to allege personal involvement by Stubblefield in the alleged wrongful conduct or to allege any knowledge by Stubblefield of any prior complaints of assault by Martin and Darden.  As for his "failure-to-discipline", all plaintiff has done is speculate and has failed to state how any failure to discipline the correctional officers (after the alleged assault) rises to the level of a constitutional violation for the alleged assault in the first place.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Stubblefield's motion to dismiss [21] be and is **GRANTED**.  Plaintiff's cause of action is hereby **DISMISSED WITH PREJUDICE as to defendant Stubblefield only**.

Dated this __5th____ day of July, 2011.

_____

UNITED STATES DISTRICT JUDGE