UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARK R. PERRY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:10-CV-2436 SNLJ |
| BARRY MARTIN, DWAYNE DARDEN, & CITY OF ST. LOUIS, MISSOURI | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This is 42 U.S.C. § 1983 claim brought by a City of St. Louis detainee against two officers (in their individual and official capacities) who allegedly beat him, the Commissioner of Corrections for the City of St. Louis (in his official capacity), and the City of St. Louis.

**FACTUAL BACKGROUND**

Plaintiff's complaint alleges that he was incarcerated in the City of St. Louis and assigned to a one-man cell in the administrative segregation unit.  Defendants Martin and Darden were the officers assigned to serve plaintiff lunch. Plaintiff requested hand soap from Martin before he ate lunch.  Martin refused plaintiff's request, and when plaintiff complained and asked for the captain, Martin allegedly responded by threatening plaintiff and then returning with defendant Darden, entering plaintiff's cell, and beating plaintiff.  Plaintiff alleges that Darden witnessed the beating but failed to stop it, and that neither officer summoned medical help. Plaintiff was left alone in his cell, bleeding from his mouth.  Nearly two hours later, the captain took a written and video-recorded statement from plaintiff.  Plaintiff alleges that Martin and Darden had documented histories of malicious and sadistic use of force against inmates. Plaintiff further alleges that the City of St. Louis and Commissioner Stubblefield knew or should

have known about the widespread malicious and sadistic use of force by corrections officers, including Martin and Darden, under his charge.  Further, plaintiff alleges that Stubblefield and the City failed to discipline officers for their prior unlawful uses of force and that their failure to do so resulted in additional acts of malicious and sadistic uses of force against inmates.

Plaintiff also purports, in his Second Amended Complaint, to proceed on behalf of himself and on behalf of a similarly-situated class of current and future inmates.  Defendants, in their response, deny that plaintiff has made the requisite showing to sustain a class action.  Plaintiff has not moved for class certification.

Plaintiff has requested documents from City officials that he says he needs in order to pursue his claims.  Defendants have denied the requests.  Plaintiff filed his motion to compel (#124) on March 29, 2013.  The matter has been fully briefed and is now ripe for disposition.

## DISCUSSION

I.     **Legal Standard**

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005) (original emphasis). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999), quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

Each document request and interrogatory at issue between the parties is discussed in turn below.

## II. Plaintiff's Discovery Requests

Plaintiff requested documents from (1) the City's "Grievance Coordinator," (2) the City Board of Aldermen's designee for monitoring and reviewing City inmate grievances, and (3) the City Director of Personnel. The requests seek documents that plaintiff says will establish the City's liability in this matter.[1] Indeed, "[a] city is not vicariously liable for the acts of its employees, but is liable under § 1983 when the employee's acts execute or implement a municipal custom or policy." *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992). Further, "[t]o establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Id.*; *Harris v. Pagedale*, 821 F.2d 499, 504 (8th Cir.), *cert. denied*, 484 U.S. 986 (1987); *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996).

In accordance with those principles, plaintiff must prove prior notice and inadequate response to such notice in order to prevail against the City. *Id.* Many of plaintiff's document requests go to those matters, and the requests are discussed separately below.

---

[1]The Court notes that the City has been named as a defendant, and it is also a defendant by virtue of plaintiff's naming Commissioner Stubblefield as a defendant in his official capacity only.

3

### A. Request Directed to Grievance Coordinator

Plaintiff requested from the Grievance Coordinator,

*1.  A report or compilation of any and all grievance files (non-redacted) since 2003 relating to inmate complaints of excessive or unnecessary force, and/or failure to protect.*

Plaintiff notes that the City's grievance policy requires the Grievance Coordinator to collect, electronically track, and preserve all inmate grievances by "Classification Number." For example, Classification "g(1)" is "Excessive use of force, "g(7)" is "Abuse by Staff," and "h(4)" is "failure to protect." The requested report goes to what the City knew about its officers' behavior.

Defendant responds that it should not be required to produce such documents because the time period is overly broad, it calls for nonparties' confidential employment or inmate records, and it does not relate to matters in the pleadings.  Defendants assert that they have already produced documents related to the plaintiff himself, and the individuals implicated by the request have nothing to do with the events in plaintiff's complaint.  They also state it would be unduly burdensome to search through the 550 employee files that are implicated. Plaintiff is not asking for defendants to search personnel files.  Rather, he requests a copy of the report that the Grievance Coordinator is required to compile by the City's Grievance Policy.  Defendants do not contest that the Grievance Coordinator is required to collect, track, and preserve grievances by Classification Number; the complaint that defendants would have to search 550 employee files is irrelevant in that, assuming the Coordinator has been compiling the information per the Policy, no such search would be necessary.

Further, plaintiff's request is relevant to the issue of whether the City was on notice of the problems of "excessive force" and "failure to protect inmates."  Plaintiff is entitled to that information; however, the Court will limit the request to reports since 2005.

4

**B.     Requests Directed to City Board of Aldermen Designee**

The Grievance Policy directs the City Board of Alderman or its designee to monitor and review the City inmate grievances. The Board apparently designated Craig Schmid, the Chair of the Public Safety Committee, for that role. Thus, plaintiff requested various documents from Mr. Schmid. Each request is discussed below.

> 1.     Any and all reports, findings, transcripts, and/or analyses (written or electronic) issued by or received by the Public Safety Committee's "External Review Committee" since 2003 relating to the Division of Corrections.

Defendants maintain that there are no documents responsive to this request (they also state that the request is overly broad and not likely to lead to the discovery of admissible evidence). Plaintiff is skeptical of defendants' claim because the Public Safety Committee has subpoenaed records and held hearings regarding the corrections division, and because there has been an "External Audit Committee" since 2003.

However, Mr. Schmid's response states that he is "not part of any External Review Committee." Because it is unclear how the External Review Committee is related to the Public Safety Committee, the Court finds it is unclear just whether Mr. Schmid has custody or control over any such documents. In addition, the Court agrees that this request, on its face, is overly broad to the extent it requests documents not relevant to whether the City was on notice of problems with excessive force or failure to protect. To the extent Mr. Schmid possesses documents that are responsive to the request (limited to matters pertaining to excessive force or failure to protect inmates), he should produce them. The Court will also limit the scope of the request's time period to extend back to 2005 rather than 2003.

> 2.     To the extent not already provided, any and all reports, findings, transcripts and/or analyses (written or electronic) issued by or received by the Board of Alderman (or committee) since 2003 concerning or pertaining to inmate abuse, excessive force, failure to protect, inadequate training or supervision within the Division of Corrections.

5

and

*3.    A report or compilation of any and all judgments, settlement agreements, consent decrees and/or payments involving the Division of Corrections since 2003 and stemming from complaints of current or former inmates about abuse, excessive force, inadequate training or supervision, failure to discipline, and/or failure to protect.*

Again, defendants contend that Mr. Schmid has no documents responsive to these requests. To the extent plaintiff is still incredulous, other discovery avenues are open to plaintiff to determine just what Mr. Schmid knows or over what items he has custody or control. The Court agrees with plaintiff that the materials plaintiff seeks go to the City's notice of and response to earlier incidents of excessive force and failure to protect, but the Court will limit production to documents related to those matters or other matters going to the City's liability in this case. The Court will also limit the scope of the request's time period to extend back to 2005 rather than 2003.

**C.    Requests Directed to Director of Personnel**

Finally, plaintiff requested numerous documents from the City's Director of Personnel, Richard Frank. Each request is discussed below.

*1.    Any and all written or electronic communications (non-redacted) authored by you or any Department of Personnel officials since January 2005 and directed to Eugene Stubblefield or any other Division of Corrections official concerning or pertaining to the Division of Corrections' failure to comply with Regulation #117 (Disciplinary Policy).*

and

*2.    Any and all written or electronic communications (non-redacted) authored by you or your agents since January 2005 directed to office of the Mayor, President of the Board of Alderman, Public Safety Committee of the Board of Alderman, Public Safety Director, and/or the Civil Service Commission in any way referencing Stubblefield's or the Division of Corrections' failure to comply with Regulation #117 (Disciplinary Policy).*

6

Defendants argue that these requests are overly broad and do not relate to matters in the pleadings, but the requested documents again pertain to whether the City tacitly allowed, was deliberately indifferent to, or failed to investigate matters of excessive force or failure to protect inmates within the Division of Corrections. Defendants also object on the basis that the requests implicate personnel records, but plaintiff is not seeking a complete copy of any individual's personnel record. Finally, to the extent the requests call for the production of privileged information, defendants may provide a privilege log of documents over which they claim a privilege. The Court agrees with plaintiff that the materials plaintiff seeks go to the City's notice of and response to earlier incidents of excessive force and failure to protect, but the Court will limit production to documents related to those matters.

> *3.    Any and all pre-disciplinary hearing notice(s) or pre-termination hearing notification(s) issued by Eugene Stubblefield or any other Division of Corrections official since May 2005, and received by you or any other Department of Personnel official.*

The Court agrees with defendants that this request is overly broad. Defendants shall be compelled to produce such documents only as they pertain to matters related to excessive force or failure to protect inmates.

> *4.    Any and all Change in Employee Status forms (written or electronic) issued by Eugene Stubblefield or any other Divisions of Corrections official since May 2005 and received by you or any other Department of Personnel official.*

Neither party discusses this request specifically. It is not clear how such Forms would fit into plaintiff's discovery strategy. Defendant Darden's Change in Employee Status form is mentioned in a document attached to plaintiff's Second Amended Complaint (#113-2) as indicating to the Director of Personnel that the time limitations set forth by City disciplinary policy had not been followed. But there is no indication that a request for *all* Division of Corrections Change in Employee Status Forms would result in documents that are relevant to the

7

claim or defense of any party. As a result, defendant will not be compelled to respond further to this request.

> 5. A true and accurate copy (written or electronic) of Department of Personnel Regulation #117 and any amendment, modifications, and/or annotations since May 2005.

Defendants indicate that they have responded to this request with the requested documents (after having initially objected to it as overly broad). Plaintiff does not dispute that, so the Court presumes that the parties' disagreement with respect to this request has been resolved.

> 6. Any and all requests (written, electronic or otherwise) from any Division of Corrections official requesting modification or amendment of Regulation # 117 (Disciplinary Policy) for the Division of Corrections.

Defendants' objection is that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Again, although plaintiff argues the merits of his case in his memoranda, he does not articulate why defendants should be compelled to produce documents responsive to this specific request. Defendants will not be compelled to respond.

> 7. A report (written or electronic) of any and all individuals ever assigned to the Division of Corrections since May 2005. The report should include the full name, date of birth, social security number, last known residential address, last known telephone number, and last known personal e-mail address for each individual. Plaintiff hereby agrees to the entry of a protective order barring the contemplated report from being physically shared with Mark R. Perry or any other inmate and/or limiting the dissemination of the report to counsel for plaintiff and paralegal team.

Although defendants do not contest that the Director of Personnel is required to record the requested information and that the Director maintains such records electronically, plaintiff does not explain why he is entitled to the full listing of Division of Corrections personnel. Furthermore, the request seems more appropriately posed as an interrogatory. Defendants will not be compelled to respond.

*8.	A report (written or electronic) listing each and every Division of Corrections official who has been terminated, suspended or reprimanded in accordance with Regulation # 117 since May 2005. The report should list the corresponding reason(s) for each disciplinary action effected in accordance with Regulation # 117.*

The Court agrees with defendants that this request is overly broad. Defendants shall be compelled to produce such documents only as they pertain to matters related to excessive force or failure to protect inmates. However, again, especially to the extent the Director of Personnel has no responsive documents, the request may be more appropriately posed as an interrogatory.

*9.	A report (written or electronic) listing each and every Division of Corrections official whose proposed termination, suspension or reprimand was reversed since May 2005 by you or any other Department of Personnel official because the Division of Corrections failed to comply with Regulation # 117.*

The Court agrees with defendants that this request is overly broad. Defendants shall be compelled to produce such documents only as they pertain to matters related to excessive force or failure to protect inmates. However, again, especially to the extent the Director of Personnel has no responsive documents, the request may be more appropriately posed as an interrogatory.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#124) is **GRANTED** in part and **DENIED** in part as provided herein.

Dated this   7th   day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE