UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK R. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:10CV2436 SNLJ |
| | ) |
| BARRY MARTIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff filed this 42 U.S.C. § 1983 action alleging claims of excessive use of force, failure to protect, and failure to supervise with regard to an incident that occurred while he was an inmate in a correctional facility in the City of St. Louis. Defendants Barry Martin, Dwayne Darden, and City of St. Louis filed a motion for summary judgment (#139). Plaintiff did not file responsive pleadings and the time for doing so has expired. Defendants have also filed a motion for judgment on the pleadings (#143) based on plaintiff's failure to respond to the motion for summary judgment. Plaintiff did not file a response to that motion and the time for doing so has expired. The motions are now ripe for disposition.

**I.      Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than

show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993). The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson,* 477 U.S. at 249.

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. ***All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party***.

(emphasis added). Even so, where a plaintiff fails to respond to a motion for summary judgment, the Court should not treat such a non-response as sufficient to dispose of the motion. *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.* This Court is not, however, obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256, 260 (8th Cir. 1996) (quoting *White v. McDonnell Douglas Corp.,* 904 F.2d 456, 458 (8th Cir. 1990)); *Rogers v. Metro Bi-State Development*, 4:08CV1627 CEJ, 2010 WL 1186523, at *1 (E.D. Mo. March 29, 2010).

With these principles in mind, the Court turns to the discussion.

**II.    Discussion**

Because plaintiff failed to specifically controvert the defendants' statement of facts, the following facts are not disputed.[1] Plaintiff was incarcerated at the Medium Security Institution, a correctional facility of the City of St. Louis, Department of Public Safety, Division of Corrections. Plaintiff had multiple prior convictions and was being held for transfer to the Missouri Department of Corrections for multiple convictions including tampering with a motor vehicle in the first degree, resisting or interfering with arrest, unlawful use of a weapon, and possession of marijuana. Plaintiff was housed in the administrative segregation unit, which holds inmates due to disciplinary issues so that they may be monitored more closely by corrections

---

[1] The facts listed are supported by appropriate citations to the record as required by Local Rule 4.01(E).

officers. Inmates in the segregation unit receive their meals on trays brought to the individual cells and transferred into the cell through a food port in the cell door.

On May 9, 2010, Officer Barry Martin was retrieving lunch trays and when he attempted to retrieve plaintiff's lunch tray, plaintiff did not respond. Martin requested Officer Dwayne Darden to assist him while he entered plaintiff's cell to check on him because he was not responding. Martin believed there was a possible medical emergency. When Martin entered plaintiff's cell, plaintiff jumped up and directed profanities at him. Martin attempted to pick up plaintiff's lunch tray at which time plaintiff grabbed his arm and he pushed plaintiff off of him. Martin then exited the cell. At all times, Darden was outside the cell holding the door open. Plaintiff received medical treatment and was noted to have a small open area to the upper left side of the lip with swelling and redness noted but no active bleeding. The medical treatment consisted of application of an ice pack and Tylenol.

Defendants maintain that no genuine dispute exists as to each of plaintiff's claims and that they are entitled to judgment in their favor on all claims. Plaintiff's claims include Count I alleging a violation of the Eighth Amendment for excessive force against defendants Martin and Darden, Count II alleging a failure to protect against defendant Darden, and Count III alleging a failure to supervise against defendant City of St. Louis.

### A.     Excessive Force Claim Against Defendants Martin and Darden

Plaintiff's complaint alleges that Martin entered his cell and assaulted him, that Darden assisted in Martin's assault, and that Darden also assaulted him. He alleges there was "no penological purpose" for the officers' actions and that he suffered physical injury. The Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment by forbidding the unnecessary and wanton infliction of pain. *Johnson v. Blaukat,* 453 F.3d 1108, 1112 (8th Cir.

2006) (citing *Hudson v. McMillian,* 503 U.S. 1, 9 (1992)). This protection is grounded in prisoners' right to be free from unnecessary and wanton infliction of pain at the hands of corrections officers. *Hudson,* 503 U.S. at 5. The "core judicial inquiry" for an excessive force claim is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson,* 503 U.S. at 6–7. The Eighth Circuit has held that "[r]esolution of the constitutional issue turns on the circumstances of the individual case." *Treats v. Morgan,* 308 F.3d 868, 872 (8th Cir. 2002). "The test is whether the officer's use of force was reasonable under the circumstances, or whether it was punitive, arbitrary, and malicious." *Id.* at 873; *see also Johnson v. Blaukat,* 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson,* 503 U.S. at 9); *Howard v. Barnett,* 21 F.3d 868, 871 (8th Cir. 1994). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See, e.g., Whitley v. Albers,* 475 U.S. 312, 321 (1986); *Treats,* 308 F.3d at 872.

To establish a claim for the excessive use of force, plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *Hudson,* 503 U.S. at 6–7. Here, there is no dispute that some force was used in an attempt to maintain order. The undisputed facts before this Court show that when Martin entered plaintiff's cell to check on him and retrieve the lunch tray, plaintiff jumped up, directed profanities at Martin, and grabbed Martin's arm. Martin pushed plaintiff off of him when plaintiff grabbed his arm and then Martin exited the cell. Given the circumstances, the force was not excessive as a matter of law. Defendants' undisputed facts establish that Martin responded with force only as necessary to address a reasonably perceived threat. Further, the undisputed facts establish that Martin applied force as necessary to make a "good faith effort to

maintain or restore discipline," not "maliciously and sadistically for the very purpose of causing harm." Finally, the undisputed facts show that Darden did not use force and did not assist in the use of any excessive force.

Plaintiff has failed to respond to defendants' motion. Plaintiff, as the party opposing the motion, bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson,* 477 U.S. at 249. Plaintiff has failed to rebut defendants' showing that no genuine dispute of material fact exists as to whether defendants seriously deprived plaintiff of his constitutional rights and he has failed to meet his burden in showing sufficient evidence from which a jury could return a verdict for him. *Anderson,* 477 U.S. at 249. Accordingly, the Court finds that there are no genuine disputes of material fact as to plaintiff's excessive force claim, and defendants Martin and Darden are entitled to judgment as a matter of law.

**B.     Failure to Protect Claim Against Defendant Darden**

Plaintiff's complaint alleges that Darden stood by and failed to stop Martin's alleged assault of plaintiff. A violation of the Eighth Amendment based on a failure to protect involves two inquiries. First, the plaintiff must show that the conditions that result from the failure to protect "pose a substantial risk of serious harm." *Lenz v. Wade,* 490 F.3d 991, 995 (8th Cir. 2007) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). "This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension." *Jensen v. Clarke,* 94 F.3d 1191, 1197 (8th Cir. 1996). "Second, the subject prison official must have exhibited a sufficiently culpable state of mind, that is, the prison official must have been deliberately indifferent to a substantial risk of serious harm to the inmates." *Lenz,* 490 F.3d at 995.

After reviewing the undisputed facts and the record properly before this Court, this Court finds that there is no evidence that plaintiff was subjected to an excessive use of force from which he needed protection. Plaintiff has failed to rebut defendants' showing that no genuine dispute of material fact exists as to the excessive force claim and the failure to protect claim and plaintiff has failed to meet his burden in showing sufficient evidence from which a jury could return a verdict for him. *Anderson,* 477 U.S. at 249. Accordingly, the Court finds that there are no genuine disputes of material fact as to plaintiff's failure to protect claim, and defendant Darden is entitled to judgment as a matter of law.

### C.     Failure to Supervise Claim Against City of St. Louis

Plaintiff's complaint alleges that the City of St. Louis has knowledge of, and demonstrated tacit authorization of, widespread malicious and sadistic use of force by its corrections officers against inmates. Plaintiff further alleges that the City of St. Louis has failed to take disciplinary actions in cases of malicious and sadistic use of force, including a failure to take disciplinary action against Martin and Darden, and that this failure demonstrates tacit authorization of the offensive acts.

A governmental entity cannot be held vicariously liable under 42 U.S.C. § 1983 for its employee's unconstitutional acts. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). Rather, to recover from a governmental entity under § 1983, a plaintiff must identify a governmental policy or widespread custom that violated the law and caused the plaintiff's injury. *Id.* The Eighth Circuit has "consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello,* 411 F.3d 920, 922 (8th Cir. 2005).

The undisputed evidence before this Court is that the City of St. Louis has a disciplinary policy in effect that is enforced and that it has disciplined employees for violations of the use of force policies, failure to protect, and related incidents. There is no evidence of any governmental policy or custom allowing widespread malicious and sadistic use of force or failing to investigate or discipline its officers. Moreover, the City of St. Louis cannot be held liable in this case because there has not been any finding of individual liability of any of its employees on the underlying substantive claims. Instead, this Court has found that the individual employee defendants are entitled to summary judgment on plaintiff's claims against them. Plaintiff has failed to rebut defendants' showing that no genuine dispute of material fact exists as to the failure to supervise claim and plaintiff has failed to meet his burden in showing sufficient evidence from which a jury could return a verdict for him. *Anderson,* 477 U.S. at 249. Accordingly, the Court finds that there are no genuine disputes of material fact as to plaintiff's failure to supervise claim, and defendant City of St. Louis is entitled to judgment as a matter of law.

###### D.     Claim against Defendant Stubblefield

Plaintiff's remaining claim is against defendant Eugene Stubblefield. Plaintiff added Stubblefield as a defendant in his second amended complaint filed on January 28, 2013 but has not obtained service of that pleading on Stubblefield. Stubblefield was previously a party to this case and was dismissed with prejudice by this Court on July 5, 2011.[2] Plaintiff is, therefore, barred from bringing a claim against Stubblefield and the Court will dismiss that claim.

---

[2] Plaintiff originally named Jerome Stubblefield as a defendant. A waiver of service and responsive pleadings were filed on behalf of Eugene Stubblefield, erroneously referred to as Jerome Stubblefield. Thereafter, Eugene Stubblefield filed a motion to dismiss and plaintiff filed a responsive pleading to that motion. The pleadings are clear that Eugene Stubblefield was previously a defendant in this case and was dismissed with prejudice.

### E. Class Action Claim

Plaintiff's second amended complaint purports to be brought "on behalf of a similarly-situated class of current and future inmates." Plaintiff stated class action allegations for the first time in the second amended complaint filed on January 28, 2013. This case is set for trial on January 8, 2014. Plaintiff has not taken any action to attempt to certify a class in this case. Because this Court is granting summary judgment in favor of the defendants on all of plaintiff's individual claims, there is no longer a plaintiff for purposes of seeking to proceed on the class action allegations. As a result, this Court will dismiss the class action claim. The dismissal is without prejudice so it will not bar a subsequent claim if such a claim could be properly brought by any other individual of the class referenced in plaintiff's second amended complaint.

### III. CONCLUSION

Because there is no genuine issue of material fact as to plaintiff's claims of excessive force, failure to protect, and failure to supervise, and defendants have shown that they are entitled to judgment as a matter of law, summary judgment in the defendants favor is warranted. Accordingly, defendants' motion for summary judgment (#139) is granted and judgment is entered in favor of defendants. Because summary judgment is granted to the defendants, the motion for judgment on the pleadings (#143) is denied as moot. Because plaintiff's claims against defendant Eugene Stubblefield are barred by the prior dismissal of that defendant with prejudice, those claims are dismissed with prejudice. Finally, the class action claim is dismissed without prejudice.

Dated this 5th day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE