UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK R. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:10CV2436 SNLJ |
| | ) |
| BARRY MARTIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to alter or amend judgment (#146) pursuant to Federal Rule of Civil Procedure 59(e). Defendants have responded, and this matter is now ripe for disposition.

**I.   Background**

On December 28, 2010, plaintiff, *pro se*, filed this 42 U.S.C. § 1983 action alleging claims of excessive use of force, failure to protect, and failure to supervise with regard to an incident that occurred while he was an inmate in a correctional facility in the City of St. Louis. On January 19, 2012, counsel was appointed by the Court to represent plaintiff. On September 9, 2013, defendants filed a motion for summary judgment. Plaintiff did not file a response to the motion. This Court examined those portions of the record properly before it and found that there was no genuine issue of material fact as to plaintiff's claims and that defendants had shown that they were entitled to judgment as a matter of law. Therefore, the Court entered summary judgment in the defendants favor on December 5, 2013.

On December 18, 2013, plaintiff filed a motion to alter or amend the judgment under Rule 59(e) "to correct a clear error of law or to prevent a manifest injustice." In support of his

motion, plaintiff claims ineffective assistance of counsel and requests that the Court allow him to respond to the motion for summary judgment.

## II.     Legal Standard

The Court has broad discretion in determining whether to grant a motion to alter or amend judgment pursuant to Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Id.* at 1286. "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal quotation omitted). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Dille v. Renaissance Hotel Management Co, LLC*, 4:10CV1983 TIA, 2012 WL 5866630, at *1 (E.D. Mo. Nov. 19, 2012); *Ayyoubi v. Holder*, 4:10CV1881 SNLJ, 2011 WL 6140913, at *1 (E.D. Mo. Dec. 9, 2011). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care,* 141 F.3d at 1286).

## III.    Discussion

Plaintiff did not file a responsive pleading to defendant's motion for summary judgment. Plaintiff contends that this failure was solely the fault of his attorney and that he should now be allowed an opportunity to respond to the motion on his own. Plaintiff has failed to allege any manifest errors of law or fact in the Court's decision or that there is any newly discovered evidence that would justify altering or amending the Court's order and judgment. Instead,

plaintiff claims "clear error of law" with regard to his attorney's actions or lack thereof. Plaintiff's claim of ineffective assistance of counsel is not grounds for a Rule 59(e) motion. The Eighth Circuit has held that "there is no constitutional or statutory right to effective assistance of counsel in a civil case." *Taylor v. Dickel*, 293 F.3d 427, 431 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment (#146) is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order be mailed to plaintiff.

Dated this 15th day of January, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE